UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GEORGE JONES, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 4:15-CV-01865-NAB |
| v. | ) | |
| | ) | |
| CINDY GRIFFITH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner George Jones' ("Jones" or "Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1-1.] Respondent filed a response to the Petition. [Doc. 11.] Jones filed a traverse. [Doc. 12.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 5.] For the reasons set forth below, Jones' petition for writ of habeas corpus will be denied.

**I. Background**

Jones is currently an inmate at the Potosi Correctional Center in Mineral Point, Missouri. He was charged with one count of domestic assault in the second degree, one count of assault in the first degree on a law enforcement officer, and two counts of armed criminal action. These charges stemmed from an attack, on April 8, 2010, on a woman with whom Jones was then living ("M.P.") and to which Officer Matt Crosby ("Officer Crosby") responded in the course of his patrol.

The Missouri Court of Appeals found the following facts to be true. During the April 8 incident, Jones punched M.P. in the face, hit her over the head with a handgun, and threatened to

1

kill her and her daughter. M.P. called the police for assistance, and two officers responded. A witness in the stairwell of the apartment building where the altercation occurred stated that upon the officers' arrival on the scene, Jones shot at Officer Crosby. One bullet grazed Officer Crosby's head and another lodged in his spine, permanently paralyzing him. [Doc. 11-5 at 2-3.]

Jones originally proceeded to trial on these charges, but changed course after one day of testimony. On July 31, 2012, he entered an *Alford* plea[1] because he did not feel he would have been able to refute the State's evidence. At the plea hearing, as required under Missouri Supreme Court Rule 24.02(b), the court inquired whether Jones understood each charge against him or had questions regarding the charges. Jones indicated he understood his rights and the charges against him. The State recited the evidence it contends established Jones' guilt beyond a reasonable doubt. The court then accepted Jones' plea. On September 11, 2012, Jones filed a *pro se* motion to withdraw his guilty plea, which the court denied. On September 24, 2012, the court sentenced him as a prior and persistent offender to concurrent sentences of 15 years imprisonment for second-degree domestic assault, 15 years for each of the two counts of armed criminal action, and life for first-degree assault of a law enforcement officer. [Doc. 11-1 at 25-28, 37.]

On March 18, 2013, Jones filed his *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, raising the following four claims for relief: (1) he was denied the right to fire his attorney two weeks before trial; (2) his plea counsel was ineffective by advising him that he felt Jones would receive a sentence of between twenty to twenty-five years if he plead guilty; (3) his plea counsel was ineffective in failing to investigate the credibility of his expert witness; and (4) his plea counsel was ineffective in advising him that the trial court may be

---

[1] An *Alford* plea allows a defendant to plead guilty to a charged offense and accept criminal penalty even if he is unwilling or unable to admit to committing the acts constituting the offense. *North Carolina v. Alford,* 400 U.S. 25 (1970).

2

likely to consider a sentence of twenty to twenty-five years if he pled guilty "right then and there." [Doc. 11-3 at 44.] On July 16, 2013, through counsel, Jones filed his amended motion for post-conviction relief, and that motion was subsequently denied. Jones appealed to the Missouri Court of Appeals, pursuing only one of his claims regarding ineffective assistance of trial counsel. [Doc. 11-3.] Specifically, Jones asserted that his trial counsel was ineffective in failing to diligently investigate the credibility of his expert forensic witness, Chris Robinson ("Robinson"), who he had planned to use at trial. [Doc. 11-5 at 5.] Jones asserted that his trial counsel should have discovered that Robinson had been dismissed from the Atlanta police department for misappropriation of state funds. *Id*. He further asserted that there was an alternative expert witness who would have provided "the same useful testimony," and who did not have any credibility issues. *Id*. He finally alleged that if his trial counsel had found an alternative witness with no credibility issues, he would have proceeded with trial, and therefore, his plea was not knowing and voluntary. *Id*. The Missouri Court of Appeals affirmed the motion court's ruling and denied Jones' appeal.

Jones subsequently filed a *pro se* petition for writ of habeas corpus in this Court, raising four claims: Ground One, that his trial counsel was ineffective for failing to investigate the credibility of his expert witness; Ground Two, that the trial court and his counsel failed to inform him of his right to appeal; Ground Three, that his trial counsel was ineffective for advising Jones that he would probably receive a sentence of between twenty to twenty-five years if he pled guilty; and Ground Four, that the Missouri rules of criminal procedure are unconstitutional because they do not require trial courts to inform criminal defendants of their right to appeal during a guilty plea colloquy, thus depriving them of their Fourteenth Amendment right to due process. [Docs. 1 and 1-1.]

3

## II. Standard of Review

### A. Standard for Reviewing Habeas Corpus Claims on the Merits

A federal judge may issue a writ of habeas corpus freeing a state prisoner, if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, the judge may not issue the writ if an adequate and independent state-law ground justified the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-88 (1977).

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under the AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the States court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme]

Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529, 412-13 (2000). "[A] state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence) (citing 28 U.S.C. § 2254(e)(1)).

**B. Procedural Default**

To preserve a claim for federal habeas review, a state prisoner must present that claim to the state court and allow that court the opportunity to address the claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992) and *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc)). "The procedural default doctrine and its attendant 'cause and prejudice' standard are 'grounded in concerns of comity and federalism,' *Coleman*, 501 U.S. at 730, and apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack. *Murray v. Carrier*, 477 U.S. 478, 490-92 (1986).

To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Id.* at 488.

To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "'present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

## III. Discussion

### A. Ground One: Trial Counsel Was Ineffective For Not Investigating Credibility of Expert Witness, Resulting in Guilty Plea That Was Not Knowing or Voluntary

The Court first considers Jones' claim that his counsel was ineffective in failing to properly investigate his expert witness, thereby leading to a guilty plea that was unknowing and involuntary. Specifically, Jones asserts that his trial counsel failed to discover that the expert, Robinson, had been dismissed from the Atlanta Police Department for misappropriation of funds. Jones alleges that if his trial counsel had found an alternative witness with no credibility issues, he would have proceeded with his trial, and therefore, his plea was not knowing and voluntary. Petitioner raised this claim in his amended motion for post-conviction relief, and the motion court denied the claim on the merits. [Doc. 11-5 at 5.] Jones then raised this claim in the appeal from the denial of that motion, and the Missouri Court of Appeals affirmed the motion court's denial of the claim. *Id.*

After a guilty plea, collateral review of the plea "is ordinarily confined to whether the guilty plea was both counseled and voluntary." *Pennington v. United States*, 374 F. Supp. 2d 813, 816 (E.D. Mo. 2005) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In the context of a guilty plea, a defendant who pleaded guilty upon the advice

of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill*, 474 U.S. at 56-57. The Supreme Court has held that the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984), applies to ineffective assistance claims in the guilty plea context. *Hill*, 474 U.S. at 57-59. To satisfy the first "deficient performance" prong, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 57. To satisfy the second prong in the guilty plea context, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. Furthermore, "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). "[C]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Thompson v. United States*, 872 F.3d 560, 567 (8th Cir. 2017).

In evaluating Jones' claim, the Missouri Court of Appeals correctly recognized that "[w]here there is a plea of guilty, a claim of ineffective assistance of counsel is immaterial except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." [Doc. 11-5 at 5.]. The Missouri Court of Appeals also noted, consistent with the Supreme Court's decision in *Lockhart*, that "[i]f [Jones] successfully alleges counsel's performance was deficient," he must also show that "but for counsel's ineffectiveness, he would not have pled guilty and would have demanded a trial." *Id.* The court further stated that in order "to demonstrate a claim of ineffective assistance of counsel for failure to locate and call an expert witness, [Jones] must show that: (1) such an expert witness existed at the time of trial; (2) the expert witness could have

7

been located through reasonable investigation; and (3) the expert witness's testimony would have benefited the defense." *Id*. at 6. The court then found that Jones could not establish either deficient performance or prejudice, stating:

> [W]hile [Jones] alleges that the discovery of the credibility issues of his retained expert witness would have allowed his counsel time to secure a different expert, he fails to allege how this would have benefited his claim. [Jones] does not indicate what testimony the expert would have provided, he says only that it would be useful…. Because it is unclear how a different expert witness would have aided [Jones'] case, the allegations in [Jones'] motion do not establish that his counsel was ineffective for failing to secure such a witness. Additionally, [Jones'] stated reason for pleading guilty was the strength of the State's evidence against him, rather than any deficiency with his own evidence.

[Doc. 11-5 at 6.]

Furthermore, the court noted that Jones' plea colloquy clearly indicated that his plea was knowing and voluntary. The court's opinion states that when the trial judge asked Jones why he was entering a plea, he stated that, "I feel the case was strong," referring to the State's evidence against him. *Id*. at 7. When she asked whether any threats or promises induced his plea, Jones answered, "No, ma'am." *Id*. Jones also stated affirmatively that his plea was made voluntarily, and that his trial attorney had satisfactorily investigated his case. *Id*. The court found that these statements conclusively refuted Jones' claim that his counsel was ineffective or that he was prejudiced by his counsel's conduct, and concluded that his plea was knowing and voluntary. *Id*. at 8.

The Missouri Court of Appeals' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in state court. The Missouri Court of Appeals' determination that Petitioner could not establish prejudice resulting from his attorney's failure to discover the credibility issues in relation to his expert witness has ample support in the

8

record.[2] Furthermore, the court reasonably determined that Jones' testimony at his plea hearing established that his plea was voluntary and he was satisfied at the time with his attorney's performance. The Missouri Court of Appeals cited to specific exchanges at the plea hearing showing just that. Thus, the Missouri Court of Appeals reasonably found that Jones had not established that, were it not for his counsel's alleged error, he would not have pleaded guilty and would have proceeded to trial. The Court will deny relief on Ground One.

**B. Ground Three: Trial Counsel Was Ineffective In Advising Jones That He May Receive a Sentence of Between Twenty and Twenty-Five Years if He Pleaded Guilty**

In Ground Three[3] of his petition, Jones alleges that his trial counsel was ineffective for advising him that if he pleaded guilty, the trial judge would "treat us fair," and that Jones could expect to receive a sentence of between twenty and twenty-five years. [Doc. 1-1 at 18, 20.] Respondent argues that this claim is procedurally defaulted, because Jones did not raise this argument in his appeal from the denial of his motion for post-conviction relief. The Court agrees. An ineffective assistance of trial counsel claim is procedurally defaulted if a petitioner fails to raise it in either the initial motion for post-conviction relief or in the appeal from the denial of a motion for post-conviction relief. *See Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (claims of ineffective assistance of counsel not presented in motion for post-conviction relief or appeal to the Missouri Court of Appeals are procedurally defaulted). Because this claim has been defaulted, the Court cannot reach its merits unless Petitioner can show "either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006).

---

[2] The Court notes that it is hard to imagine how any expert witness could have aided Jones' defense in the face of evidence of guilt that can only be described as overwhelming. Multiple eye-witnesses, including the victim, stood ready to testify that they saw Jones walk out of his apartment, aim his gun, and shoot Officer Crosby.
[3] Because Ground Two is closely related to Ground Four, the Court will discuss Ground Three first, and then address Grounds Two and Four together.

Petitioner asserts that he can demonstrate cause sufficient to excuse this procedural default. Jones relies on *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), to assert that his default of this claim is excused by the ineffective assistance of his state post-conviction counsel. Specifically, Jones asserts that his post-conviction counsel was ineffective in failing to raise the issue that his trial counsel was ineffective for predicting that Jones would receive a sentence of between twenty and twenty-five years imprisonment if he pled guilty.

Generally, attorney error committed in the course of state post-conviction proceedings—for which the Constitution does not guarantee the right to counsel—cannot supply cause to excuse a procedural default that occurs in those proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 755 (1991). However, in *Martinez*, the United States Supreme Court announced a narrow exception to this general rule. *See Martinez*, 566 U.S. at 17. That exception treats ineffective assistance by a prisoner's state post-conviction counsel as cause to overcome the default of an ineffective assistance of trial counsel claim if the state effectively requires a defendant to bring such a claim in post-conviction proceedings, as Missouri does. *Id*. Therefore, the question before this Court is whether Jones has adequately established that his post-conviction counsel was ineffective in failing to bring this claim, and thus, he can rely on that to serve as cause to excuse the procedural default of Ground Three.

Jones does not allege any facts to suggest that his post-conviction counsel was ineffective. He merely asserts that his post-conviction counsel must have been ineffective because he did not bring this claim. That allegation is not sufficient to grant review of Jones' defaulted claim. Counsel need not, and indeed, should not, raise every non-frivolous claim. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Rather, counsel should select from among potential issues in order to maximize the likelihood of success. *Id*. "Generally, only when ignored issues are clearly stronger than those

presented will the presumption of effective assistance be overcome." *Id.*; *see also Strickland*, 466 U.S. at 690 (there is a "strong presumption" that counsel rendered constitutionally effective assistance).

The Court has reviewed the record and finds that post-conviction counsel diligently examined and evaluated the history of the case and developed the claims he believed to be the strongest. His representation of Jones can fairly be described as not just adequate, but zealous. Furthermore, even if Jones could establish that his post-conviction counsel's performance was deficient, he could not establish prejudice, as Jones' underlying claim of ineffective assistance of trial counsel is clearly without merit.

As discussed *supra*, after a guilty plea, a claim of ineffective assistance of counsel is irrelevant unless it speaks to the voluntariness and understanding with which the plea was made. It has long been held that an attorney's incorrect prediction of a sentence does not render a guilty plea involuntary. *See United States v. Nesgoda,* 559 F.3d 867, 870 n.2 (8th Cir. 2009) (*citing Thomas v. United* States, 27 F.3d 321, 326 (8th Cir. 1994)). Furthermore, Jones does not allege that his counsel promised him he would receive any particular sentence, but merely asserts that "hints" from his counsel about the trial judge's statements and reputation gave him "false hope" that caused him to plead guilty. [Doc. 1-1 at 22.] The Court notes that Petitioner represented to the trial court that no one had promised him anything in return for his pleading guilty. Additionally, during his plea colloquy, the court explained the sentencing range Jones faced for each charge against him, and Jones stated that his attorney had fully explained the possible sentences to him, and that he understood the potential range of punishment. [Doc. 11-1 at 31.]; *see Nguyen*, 114 F.3d at 703 ("[T]he defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings.").

Further, this Court has already found that Jones' plea colloquy clearly established that his plea was voluntary and knowing, and will not repeat that discussion here. The record and Jones' own allegations refute his claim that his plea counsel promised him that he would receive between twenty and twenty-five years imprisonment if he pleaded guilty. Under these circumstances, Jones cannot establish that he was prejudiced by his post-conviction counsel's decision to not bring such an obviously meritless claim. Therefore, Jones offers no basis for a finding that there is cause to excuse the procedural default of this claim. Additionally, Jones cannot avoid the procedural bar under the fundamental miscarriage of justice exception. To satisfy the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quotation marks omitted). Jones does not allege any facts to support the existence of new evidence affirmatively demonstrating his innocence. The Court will not review Ground Three on the merits, and habeas relief on this claim must be denied.

**C. Failure to Notify Petitioner of His Right To Appeal (Grounds Two and Four)**

In Ground Two, Jones contends that the trial court and his counsel failed to inform him of his right to direct appeal. In Ground Four, Jones claims that Missouri Supreme Court Rule 29.07(b)(3), "Notification of Right To Appeal," violates due process because it does not require the court to provide notification of the right to appeal to defendants who plead guilty. Because these claims are quite similar, the Court will address the two grounds together.

The Supreme Court has held that due process is offended when a defendant is kept completely ignorant of his right to seek direct appellate review of his conviction and sentence. *See Peguero v. U.S.*, 526 U.S. 23 (1999). However, upon close review of his petition, it becomes apparent that Jones is not actually asserting that he was not informed of his right to appeal his

conviction and sentence.[4] Rather, he is complaining that neither the court nor his counsel informed him[5] of his right to appeal the denial of a motion he filed prior to sentencing, in which he sought to withdraw his guilty plea. He further asserts that the Missouri court rules are unconstitutional because they do not require that criminal defendants in Missouri be informed of such a right. However, there is no federal constitutional right to be informed of all collateral actions that could conceivably be undertaken by a criminal defendant during the course of his prosecution. Here, the state court and his counsel fully informed Petitioner of his right to collateral review pursuant to Rule 24.035, and Jones was never misled by the court or his counsel about that right.

Even if the state court did err by not informing Jones of his right to appeal the denial of his motion to withdraw his plea, and the Court takes no position on that issue, Respondent argues that Jones' claims are not cognizable grounds for relief in a federal habeas action because they do not challenge his underlying conviction. The Court agrees that Petitioner's Grounds Two and Four fail to raise an issue appropriate for federal habeas corpus review. These claims address a collateral matter that is unrelated to Petitioner's detention. "[T]he essence of habeas is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Jones' claims in Grounds Two and Four challenge neither the fact nor duration of his confinement.

---

[4] Nor could Jones make such a claim, as the record of Jones' plea hearing indicates that Jones was indeed informed of his right to appeal by filing a motion for post-conviction review pursuant to Rule 24.035, and he took full advantage of that right by timely filing such a motion. [Doc 11-1 at 38].

[5] Jones actually alleges not just that he was not informed of his right to appeal the denial of his motion, but that the trial judge affirmatively lied to him about his ability to bring such an appeal. However, there is nothing in the record to support that assertion. In the portion of the transcript cited by Petitioner, in which the trial judge asked him whether he was aware that by pleading guilty he was waiving his right to appeal, the parties are not discussing Jones' right to appeal the denial of his earlier motion to withdraw his plea. Rather, they are clearly discussing his right to any direct appeal of his conviction to the Missouri Court of Appeals, which he did waive by pleading guilty. [Doc. 11-3 at 54.] As discussed *supra*, criminal defendants generally waive their right to direct appeal of their conviction and sentence upon pleading guilty. *See Pennington*, 374 F. Supp. 2d at 816 (After a guilty plea, collateral review of the plea "is ordinarily confined to whether the guilty plea was both counseled and voluntary."); *see also State v. O'Neal*, 626 S.W.2d 693, 694 (Mo. App. 1981) (appeal following guilty plea is "restricted to the question of the jurisdiction of the subject matter and the sufficiency of the criminal charge").

Also, to the extent that Petitioner raises issues regarding the violation or deficiency of state law, such a claim is not appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Only where the alleged error resulted in the denial of fundamental fairness will habeas relief be granted. *See Dowling v. United States*, 493 U.S. 342, 352 (1990) ("[F]undamental fairness under Due Process Clause is compromised where "the action complained of . . . violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, . . . and which define the community's sense of fair play and decency."). Such is not the circumstance here. Even if Jones was not informed of his ability to appeal the denial of his motion to withdraw his plea, he was still afforded an opportunity to fully and fairly litigate the voluntary and knowing nature of his plea at the state level, and he did so in his motion for post-conviction relief.

For the above stated reasons, Jones' claims in Grounds Two and Four do not provide a basis for habeas relief and will be denied.

## IV. Conclusion

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the

petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claims, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] is **DENIED**.

**IT IS FURTHER ORDER** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

Dated this 27th day of March, 2019.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE